IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDUARDO ESQUIVEL-TORRES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-06-242-M |
| | ) |
| **JOSEPH SCIBANA, Warden,** | ) |
| | ) |
| Respondent. | ) |

## AMENDED REPORT AND RECOMMENDATION[1]

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, challenging the manner in which his federal sentence has been calculated. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a response[2] to the petition and Petitioner has replied. Thus, the matter is at issue. For the following reasons, it is recommended that the petition be denied.

Facts and Procedural Background

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution (FCI), El Reno, Oklahoma, where he is serving a sentence imposed by the United States District Court for the Northern District of Texas. The issue presented in this case is whether Petitioner is entitled to federal credit for time spent in state custody

---

[1]It has come to the attention of the Court that the Report and Recommendation filed July 31, 2006, contains certain errors on page 7, and therefore the Report and Recommendation is being amended to omit footnote 7 on page 7 and to add additional language to the sentence that was previously footnoted.

[2]Although Respondent has styled the response as a motion to dismiss, the undersigned finds that the motion, to which Respondent has attached numerous documents in support of his argument that Petitioner is not entitled to habeas relief, should be construed as an answer in response this Court's order and in accordance with Rule 5 of the Rules Governing Section 2254 Cases. *See* Rule 1(b), Rules Governing Section 2254 Cases (rules may be applied to other habeas cases in court's discretion).

before he began serving his federal sentence in federal custody. The pertinent facts are as follows. On December 9, 1998, Petitioner was arrested by Texas state authorities and charged with possession with intent to deliver cocaine. Response, Exhibit A, Attachment 1 at 2 (Declaration of James D. Crook). On January 29, 1999, Petitioner was sentenced in Texas state court to five years of imprisonment. *Id.*; *see also* Response, Exhibit A, Attachment 2. On April 8, 1999, Petitioner was released to federal authorities pursuant to a writ of habeas corpus ad prosequendum to answer a federal charge of conspiracy to distribute and possession with intent to distribute a controlled substance. On December 20, 1999, Petitioner pled guilty to the federal charge and the federal district court sentenced him to a 110-month term of imprisonment. *See* Response, Exhibit A, Attachment 4 at 2. The sentencing court further ordered that the sentence "shall run concurrent to the state sentence the defendant is presently serving." *Id.* On January 20, 2000, federal authorities returned Petitioner to state custody. Response, Exhibit A, Attachment 3. Petitioner completed serving his state sentence on February 14, 2001, and was taken into federal custody to begin serving his federal sentence. Response, Exhibit A. On May 2, 2001, the Bureau of Prisons (BOP) issued a nunc pro tunc order ordering that Petitioner's federal sentence was to commence on the date it was imposed – December 20, 1999. Response, Exhibit A, Attachment 5. The BOP has calculated Petitioner's projected release date as December 16, 2007. Response, Exhibit A, Attachment 1.

Petitioner contends that the BOP has refused to award certain credits to his federal sentence in violation of his rights of due process and equal protection under the Fifth

Amendment. Petition at 6. Specifically, Petitioner alleges that the writ of habeas corpus prosequendum was issued on March 12, 1999, and that the BOP erred in not giving him federal sentence credit for the time he was on loan to the federal government pursuant to that writ. Petitioner's Memorandum of Law in Support of § 2241 Writ of Habeas Corpus (Petitioner's Brief) at 1. Although Petitioner is not clear about the exact time frame, it appears he is requesting that credit be applied to his federal sentence for the time period between March 12, 1999 (the alleged date the writ of habeas corpus prosequendum was issued) and December 20, 1999 (the date on which his federal sentence was imposed).

Respondent contends that Petitioner could not begin service of his federal sentence until it was actually imposed, *i.e.*, December 20, 1999. Respondent further asserts that Petitioner has received credit on his state sentence during the period of time he was transferred to federal authorities for prosecution purposes and he is not entitled to "double credit" on his federal sentence.

As discussed below, the undersigned finds that Petitioner is not entitled to habeas relief.[3]

---

[3] As an alternative basis for dismissal of the petition, Respondent contends that Petitioner has failed to exhaust his administrative remedies because Petitioner's final step in the BOP administrative process, an appeal to the Central Office was rejected as untimely filed. Response at 5. Although Section 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires an inmate to exhaust the BOP's four-step administrative review. *See e.g., Williams v. O'Brian*, 792 F.2d 986, 987 (10th Cir. 1986); *see also* 28 C.F.R. §§ 542.13-542.16 . Here, it is not necessary to resolve any factual dispute regarding Petitioner's efforts to exhaust. Petitioner's claims lack merit and should be denied notwithstanding Petitioner's apparent failure to fully exhaust administrative remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Analysis

In considering a challenge to the computation of a federal sentence, the Court first determines the commencement date of the federal sentence and then determines the extent to which a petitioner can receive credit for time spent in custody prior to commencement of sentence. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)).

Commencement of Federal Sentence

To the extent that Petitioner is alleging that the BOP improperly determined when he began serving his concurrent federal sentence, such claim is without merit. A federal sentence commences on the date the defendant is received in custody to begin service of his sentence. 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Additionally, the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the undischarged portion of the previously imposed sentence. *See* 18 U.S.C. § 3584 (providing that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively"). "Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *DeMartino v. Thompson,* No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997)[4] (quotation

---

[4] Unpublished decisions are cited for their persuasive value in accordance with 10th Cir. R. 36.3.

omitted). *See also Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.") (cited with approval in *DeMartino*); *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972) (sentence cannot commence prior to day of pronouncement even if it is to be served with another sentence already being served).[5]

Therefore, in accordance with § 3585(a), Petitioner did not begin his term of imprisonment on his federal conviction until he was sentenced on December 20, 1999, notwithstanding the fact that the sentence was ordered to run concurrently with the state sentence. Thus, Petitioner is not entitled to habeas corpus relief on a claim that the BOP has not given effect to his concurrent federal sentence.[6]

Availability of Additional Sentence Credit

---

[5] Although both *Shelvy* and *Wilson* were decided under § 3585's predecessor, 18 U.S.C. § 3568, unpublished Tenth Circuit case law deems the analysis to be the same. *See DeMartino, supra,* 1997 WL 362260 at *2, n. 2 ("Case law determining commencement date [of a federal sentence] under § 3568 is equally applicable to § 3585(a).").

[6] *Compare Rios v. Wiley*, 201 F.3d 257, 265, 270-71 (3d Cir. 2000) (granting federal habeas petitioner's request for pre-sentence credit where sentencing transcript reflected federal judge ordered federal sentences to run concurrently with prior state sentence and that petitioner "receive credit for time served"); *United States ex rel. Del Genio v. United States Bureau of Prisons*, 644 F.2d 585, 589 (7th Cir. 1980) (recognizing in dicta that a later sentence, ordered to run concurrently with an earlier one, might be treated as having commenced prior to the date it was imposed because a sentencing judge has the discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been partially served).
   Here, the judgment states only: "This sentence of imprisonment shall run concurrent to the state sentence the defendant is presently serving." *See* Response, Exhibit A, Attachment 4 at 2. There is no evidence in the record that the sentencing judge intended that Petitioner receive credit for time served. Thus, *Rios*, to the extent such non-binding precedent is considered, does not provide a basis upon which to grant relief to Petitioner.

Petitioner seeks credit on his federal sentence beginning March 12, 1999, the alleged date the writ of habeas corpus adprosequendum was issued, resulting in his transfer on April 8, 1999, to appear on the federal charge. However, Petitioner's request for pre-sentence credit on this basis is clearly without merit. Although federal authorities took temporary custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum on the federal drug charges, Texas still retained primary custody of him. *See, e.g., Weekes*, 301 F.3d at 1180; *see also Hernandez v. United States Attorney Gen.*, 689 F.2d 915, 919 (10th Cir. 1982) ("The law of comity is such that . . . two sovereigns may decide between themselves which shall have custody of a convicted prisoner; however, the sovereign having prior jurisdiction need not waive its right to custody."). Because the State of Texas maintained primary custody and federal authorities obtained only temporary custody under a writ of habeas corpus ad prosequendum, Petitioner remained in custody of the state authorities during the time he was transferred for prosecution of federal charges. *Weekes*, 301 F.3d at 1180 (citing *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978) and *Lunsford v. Hudspeth*, 126 F.2d 653, 656 (10th Cir. 1942)). Thus, Petitioner's theory fails.

Rather, Petitioner's claim of entitlement to federal credit for time in custody pursuant to the federal writ is governed by 18 U.S.C. §3585(b).[7] Section 3585(b) provides in relevant part:

---

[7]Title 18 U.S.C. § 3585 repealed and replaced 18 U.S.C. § 3568. Section 3585 is applicable to offenses committed on or after November 1, 1987 and therefore governs Petitioner's claims. *See* Response, Exhibit A, Attachment 1; Exhibit A, Attachment 4 (reflecting offense date of March 24, 1999).

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Title 18 U.S.C. §3585(b) (emphasis added). Under § 3585(b) a federal prisoner cannot be given credit on his federal sentence for time credited to another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *see also id.* at 334 (§ 3585(b) "authorizes credit only for time that 'has not been credited against another sentence'"). Here, Respondent asserts, and Petitioner does not dispute, that Petitioner has obtained credit on his Texas state court sentence for the same time period for which he also claims he is entitled to federal credit. *See* Response, Exhibit A. Pursuant to § 3585(b), the BOP properly has determined that Petitioner is not entitled any credit against his federal sentence for the time between March 12, 1999, through December 20, 1999, because that time was credited against his state sentence. *See Azure v. Gallegos*, Nos. 03-1375, 03-8047, 03-8090, 97 Fed.Appx. 240 (10th Cir. Mar. 26, 2004) (no relief in habeas corpus to afford federal prisoner credit against his federal sentence for time spent in custody prior to his federal sentencing, where prisoner's federal and state sentences were concurrent from date of his federal sentencing and time spent in custody prior to prisoner's federal sentencing was credited toward his state sentence) (citing 18 U.S.C.A.

7

§ 3585(b)); *Cathcart v. United States Bureau of Prisons*, No. 99-6424, 2000 WL 554547, at *2 (10th Cir. May 4, 2000) (affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence); *Torres v. Brooks*, No. 99-1321, 2000 WL 158963 (10th Cir. Feb. 15, 2000) (petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence notwithstanding statement by federal district judge at sentencing that petitioner should be credited for those days; § 3585(b) prohibits such double credit); *Bailes v. Booker*, No. 97-1144, 1997 WL 634099 at *1 (10th Cir. Oct. 10, 1997) (petitioner not entitled to credit during time period he was in custody on writ of habeas corpus ad prosequendum as this time was credited against his state sentence and therefore further credit was barred by §3585(b)).  Accordingly, the undersigned finds that Petitioner is not entitled to habeas relief.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 21st day of August, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States,* 950 F.2d 656 (10th Cir.

1991).  This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of August, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE